THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* THEODIS RICHMOND, Petitioner-Appellant.

(No. 57112; ▮▮▮▮▮▮▮▮▮)

First District (5th Division)—June 29, 1973.

C. Paul Bradley and Kenneth L. Jones, both of Defender Project, of Chicago, (Brian David, Senior Law Student, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (James S. Veldman, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

In an amended post-conviction petition filed by appointed counsel for defendant, it was alleged that at the time of his conviction on a plea of guilty, he had been inadequately admonished by the court as to the consequences of his plea. The State filed a motion to dismiss which was allowed, and this appeal followed.

While defendant's brief in this court raised two points (the first being that the allegations of the petition required an evidentiary hearing), the State responded to the second point only (inadequate admonishment) by filing a confession of error.

Defendant had been indicted for murder, and after a number of conferences with his family, counsel and the court, he pleaded guilty to that charge. The critical part of the court's statements and questioning of defendant before accepting his plea appears in the record as follows:

"THE COURT: Now, before accepting your plea of guilty, the law requires that I advise you on a plea of guilty to this indictment which charges you with murder, that you may be sent to the penitentiary for a term of years. Upon a finding of guilty on the charge of murder, you may be sent to the penitentiary, if you are over the age of 17 years, you may be sent to the penitentiary for a term of years. It may be any term not less than 14 years

and not more than a number of years to be fixed by this court, without any limit. Knowing that, do you still wish to plead guilty to this charge that is before the court?

THE DEFENDANT: Yes.

THE COURT: I previously pointed out that if you are under 17 years of age, that a different type of sentence is imposed in that type of case before this court. You will be sentenced to the Illinois Youth Commission if the facts and the proof in this case show that you are less than 17 years of age, do you understand that?

THE DEFENDANT: Yes."

It was stipulated that defendant was 16 years old. The plea of guilty was accepted, defendant was found guilty of voluntary manslaughter, judgment was entered, and on March 27, 1967, defendant was sentenced to be committed to the Illinois Youth Commission.

On July 31, 1968, on the petition of the Youth Commission, defendant again appeared in court, and after a hearing in aggravation and mitigation relating primarily to his conduct at the Commission's Sheridan institution, defendant was sentenced to the penitentiary for a term of three to twelve years on the previous year's judgment finding him guilty of voluntary manslaughter.

The sentence and transfer to the penitentiary are alleged not to have been in the contemplation of defendant at the time he pleaded guilty, it having been his belief that because of his age, he would only be sent to "reform school" for a period of time.

The State's confession of error concedes that before accepting defendant's plea, he should have been informed by the court of a possible transfer and sentence of the kind which did take place, and to that extent defendant had therefore not been fully advised of the maximum penalty possibilities which might arise as a consequence of his plea. It is therefore confessed by the State that defendant had not comprehended the full extent of his possible punishment, and consequently had not understandingly entered his plea of guilty in accordance with Supreme Court Rule 26(3) as it then existed. 7 Ill.2d 45.

We agree with the State's position, and, accordingly, the order dismissing defendant's post-conviction petition is reversed, the sentence is vacated, the judgment of guilt as to voluntary manslaughter is reversed, and the cause is remanded.

Reversed and remanded.

DRUCKER, P. J., and SULLIVAN, J., concur.